# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
## No. 17-338V
(Not to be Published)

```
* * * * * * * * * * * * * * * * * * * * * * * *
ELLEN HALM,                        *   Special Master Corcoran
                                   *
                                   *   Filed: November 8, 2017
              Petitioner,          *
       v.                          *   Petitioner's Motion for a Decision;
                                   *   Dismissal of Petition; Vaccine
SECRETARY OF HEALTH                *   Act; Denial Without Hearing.
AND HUMAN SERVICES,                *
                                   *
              Respondent.          *
                                   *
* * * * * * * * * * * * * * * * * * * * * * * *
```

*David Gregory Rogers*, Rogers, Hofrichter & Karrh, LLC, Fayetteville, GA, for Petitioner.

*Debra A. Filteau Begley*, U.S. Dep't of Justice, Washington, D.C. for Respondent.

## DECISION DISMISSING CASE FOR INSUFFICIENT PROOF[1]

On March 13, 2017, Ellen Halm filed a petition seeking compensation under the National Vaccine Injury Compensation Program.[2] The Petition alleged that the Influenza ("flu") vaccine received on December 4, 2013, caused her to develop Guillain-Barre Syndrome ("GBS"). *See* Petition ("Pet.") (ECF No. 1) at 1.

---

[1] Although this Decision has been formally designated "not to be published," it will nevertheless be posted on the Court of Federal Claims's website in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 (2012). **This means the ruling will be available to anyone with access to the internet**. As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the Decision in its present form will be available. *Id.*

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended at 42 U.S.C. §§ 300aa-10 through 34 (2012) ("Vaccine Act" or "the Act"). Individual section references hereafter will be to § 300aa of the Act (but will omit that statutory prefix).

After filing medical records in early August 2017, Petitioner filed a status report on October 3, 2017 (ECF No. 19), requesting additional time to consider whether the claim should be pursued further. In the intervening time period, Respondent filed a Rule 4(c) Report on October 5, 2017, contesting Petitioner's right to damages, and requesting dismissal of the claim (ECF No. 20).

I held a status conference with the parties on October 30, 2017, at which time I discussed my concerns regarding the viability of Petitioner's claim. In it, I explained to Petitioner that claims alleging a link between the flu vaccine and GBS, while common in the Vaccine Program, typically require symptom onset within a week of vaccination, with 6-8 weeks at the very most. *See* Order, dated Oct. 30, 2017 (ECF No. 22). In this case, however, Petitioner's symptom onset was around 15 weeks post-vaccination. Therefore, I reiterated to Petitioner my conclusion that her claim would likely be unsuccessful, and I informed her that if she intended to move forward in this case, she would need to obtain and file an expert report explaining the lengthy onset of symptoms. I directed Petitioner to file a status report on or before November 20, 2017, indicating how she wished to proceed in the case.

On November 6, 2017, Petitioner filed the present motion to dismiss, indicating in her view she would be unable to prove entitlement to compensation in this case. *See* Motion to Dismiss, dated Nov. 6, 2017 (ECF No. 23). Respondent represented that she has no objection to the present motion. *Id.*

To receive compensation under the Vaccine Program, a petitioner must prove either (1) that she suffered a "Table Injury" – i.e., an injury falling within the Vaccine Injury Table – corresponding to one of her vaccinations, or (2) that she suffered an injury that was actually caused by a vaccine.  *See* Sections 13(a)(1)(A) and 11(c)(1). An examination of the record, however, does not uncover any evidence that Ms. Halm suffered a Table injury. Moreover, under the Vaccine Act, a petitioner may not receive a Vaccine Program award based solely on her claims alone. Rather, the petition must be supported by either medical records or by the opinion of a competent medical expert. Section 13(a)(1). In this case, however, there is insufficient evidence in the record for Petitioner to meet her burden of proof. Petitioner's claim therefore cannot succeed and must be dismissed. Section 11(c)(1)(A).

**Thus, this case is dismissed for insufficient proof. The Clerk shall enter judgment accordingly.**

**IT IS SO ORDERED.**

/s/ Brian H. Corcoran
Brian H. Corcoran

Special Master